No. 14394

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

---

STATE OF MONTANA,

        Plaintiff and Respondent,

    vs.

SAMUEL MARK DOWNING,

        Defendant and Appellant.

---

Appeal from:   District Court of the Fourth Judicial District,
               Honorable Jack L. Green, Judge presiding.

Counsel of Record:

    For Respondent:

        Douglas G. Harkin, Hamilton, MT
        Mike Greely, Attorney General, Helena, MT
        Rick Larson argued, Helena, MT

    For Appellant:

        Robert J. Campbell argued, Missoula, MT

---

                            Submitted:  December 11, 1978

                              Decided:  APR 12 1979


Filed:  APR 12 1979


                    Thomas J. Kearney
                                    Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Defendant appeals from an order of the Ravalli County District Court which denied his motion to dismiss and granted the county attorney's petition to revoke defendant's suspended sentence. Because of the nature of the question involved, the District Court judge delayed imposition of sentence pending review by this Court as to his authority to impose a sentence.

Defendant Samuel Mark Downing was arrested on November 10, 1972 and charged with burglary of a motor vehicle, a felony under section 94-901, R.C.M. 1947 (since repealed). Upon entry of a guilty plea, Downing was sentenced to three years imprisonment at Montana State Prison, with sentence suspended upon the condition that he comply with all the rules and regulations of the Montana Board of Pardons. Defendant's sentence commenced running on November 19, 1973, the day it was imposed.

Approximately two and a half years later (May 14, 1976), the county attorney filed a petition seeking the revocation of Downing's suspended sentence for the reason that defendant had sold "dangerous drugs" to a Missoula man. On May 28, 1976, defendant appeared in District Court and admitted he had sold dangerous drugs. On that same day, the District Court revoked defendant's suspended sentence and entered another judgment whereby defendant was sentenced to spend sixty days in the Ravalli County Jail and thirty-four months on suspended sentence status.

Defendant served the sixty days in the Ravalli County Jail, and then returned to his home in Missoula, Montana. More than a year and a half later, on February 24, 1978, the Ravalli county attorney again filed a petition seeking to revoke defendant's suspended sentence. The grounds for this revocation are not pertinent to this appeal.

Defendant moved to dismiss the county attorney's petition to revoke, his motion was denied, and the District Court granted the petition to revoke defendant's suspended sentence. According to the State, the District Court could still sentence defendant to serve thirty-four months in the State Prison. However, before pronouncement of sentence, the District Court, because of the nature of the legal questions presented, authorized defendant to take this appeal.

Downing first contends that the District Court did not have statutory authority to enter its May 28, 1976 judgment wherein it altered the original three year (suspended) sentence; and, he further contends that the May 28 judgment violates the double jeopardy provision of the Montana and United States Constitutions. Since this appeal can be decided solely on the question of statutory authority, we need not address the constitutional argument.

Once a valid sentence is imposed, the court lacks jurisdiction to vacate or modify it unless specifically authorized by statute. State v. Porter (1964), 143 Mont. 528, 540, 391 P.2d 704. Here, defendant concedes that the District Court had the power to revoke his 1973 suspended sentence and require him to serve a three year term in prison. Defendant contends the District Court overstepped

-3-

its statutory authority by revoking his suspended sentence and then modifying his original sentence by requiring him to serve sixty days in the Ravalli County Jail and another thirty-four months on suspended sentence status. The State's position seems to be that a three year suspended sentence can technically impede the defendant for the rest of his life.

The pertinent statute in effect at the time, section 95-2206(6), R.C.M. 1947, provides as follows:

". . .

"Any judge who has suspended the execution of a sentence or deferred the imposition of a sentence of imprisonment under this section, or his successor, is authorized thereafter, in his discretion, during the period of such suspended sentence or deferred imposition of sentence to revoke such suspension or impose sentence and order such person committed, or may, in his discretion, order the prisoner placed under the jurisdiction of the state board of pardons as provided by law, or retain such jurisdiction with this court. Prior to the revocation of an order suspending or deferring the imposition of sentence, the person affected shall be given a hearing." (Emphasis added.)

The plain meaning of the words used in section 95-2206(6) gives the District Court three alternatives for handling a defendant who has violated the terms of his probation. The District Court may:

". . . revoke such suspension . . . and order such person committed . . . [or] order the prisoner placed under the jurisdiction of the state board of pardons . . . [or] retain such jurisdiction with this court."

It is clear that these three alternatives were meant to be mutually exclusive. While they give the District Court some latitude in dealing with probation violators, they do not vest the court with completely unbridled discretion.

-4-

The first alternative, that which was exercised by the District Court at the first hearing to revoke the suspended sentence, allows a judge to revoke a suspended sentence and order the defendant committed. The revocation is the most drastic alternative for "the revocation . . . leaves the defendant subject to execution of the original sentence as though it had never been suspended." Matter of Ratzlaff (1977), _____ Mont. _____, 564 P.2d 1312, 1315, 34 St.Rep. 470, 473. Once the decision was made to revoke defendant's suspended sentence, the District Court had the discretion to allow a credit for the "good time" served by the defendant, but that is all. Section 95-2206(3), R.C.M. 1947. The District Court did not have the statutory authority to require defendant to serve sixty days in the Ravalli County Jail and another thirty-four months on a suspended sentence. Section 95-2206(6) did not permit this kind of modification.

Accordingly, there was no authority for the District Court to grant the county attorney's petition to again revoke the suspended sentence. At this point, the District Court no longer has jurisdiction over the defendant and a sentence imposed at this time would be void.

For the foregoing reasons, the District Court order dated June 30, 1978 revoking the suspended sentence is reversed. The defendant is no longer subject to the jurisdiction of the District Court.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

-5-