No. 88-61

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

STATE OF MONTANA,

        Plaintiff and Respondent,

  -vs-

KEVIN D. STANGELAND,

        Defendant and Appellant.


APPEAL FROM:  District Court of the Fifth Judicial District,
In and for the County of Beaverhead,
The Honorable Thomas A. Olson, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Dooling Law Office; Thomas A. Dooling, Dillon, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
Patricia J. Schaeffer, Asst. Atty. General, Helena
Thomas R. Scott, County Attorney, Dillon, Montana


Submitted on Briefs:  June 30, 1988

Decided:  August 11, 1988

Filed:  AUG 1 1 1988

_Ethel M. Harrison_

Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Defendant Kevin D. Stangeland (Stangeland) appeals from a Beaverhead County District Court order revoking his conditional suspended sentence for the offense of felony sexual assault. We affirm.

On October 31, 1986, Stangeland pled guilty to four counts of felony sexual assault. The guilty plea was part of the plea bargain in which the State reduced the charges from felony sexual intercourse without consent with a minor. Stangeland sexually assaulted his eight-year-old stepdaughter over a period of several months. The District Court found the presentence investigation unnecessary and set a date for sentencing. Stangeland did not object to the District Court's decision not to order a presentence investigation.

On October 31, 1986, Stangeland was sentenced to ten years imprisonment at the Montana State Prison with imposition of the sentence suspended upon the following terms and conditions:

> 1. That the Defendant . . . immediately sign up with and be placed under the supervision of the Department of Adult Parole and Probation of the State of Montana and shall be subject to all their rules, conditions, and regulations during the entire term of this sentence.
>
> 2. That the said Defendant shall serve 45 days in the Beaverhead County jail and shall be given credit for time served in the Beaverhead County jail in this matter of 25 days while awaiting sentence herein.
>
> 3. That the Defendant shall not violate any law of the State of Montana, the United States or any state therein or the ordinance of any city or town.

2

4. That said Defendant shall, at his own expense, complete all admission tests to, be accepted to, comply with and complete all requirements of the sexual offender program by Mental Health Services, Inc., of Helena, Montana. That application by said Defendant to said program must be made, completed, and admission tests done within sixty (60) days of his release from confinement in the Beaverhead County Jail.

5. That in the event Defendant is unable to complete the sexual offender program because said program is or becomes no longer in existence then such event shall not constitute a breach of the terms and conditions herein and said Defendant may be returned to the Court and required to complete a similar program if deemed appropriate.

6. That said Defendant shall be specifically prohibited from the family home, or any home wherein . . . [his stepdaughter] is located and shall be specifically prohibited from seeing or visiting . . . [his stepdaughter] without the specific approval and consent of both the Beaverhead County Welfare Department and the sexual offender program. (Additions ours.)

On May 5, 1987, the Beaverhead County Attorney filed a motion for revocation of Stangeland's suspended imposition of sentence and for a warrant of arrest. The County Attorney's affidavit in support of his motion alleged that Stangeland had violated the terms and conditions of the suspended imposition of sentence. The alleged violations include termination from the Mental Health Services, Inc., sexual offender program, conviction of driving an automobile while under the influence of alcohol, and Stangeland's presence at the home of the victim, his stepdaughter.

3

Stangeland was subsequently arrested and the District Court ordered that a revocation hearing be held. Stangeland was examined by one psychologist and one psychiatrist at his own expense during the period between his arrest and the revocation hearing. After considerable delay, a lengthy revocation hearing was held on October 30, 1987. The District Court found that Stangeland had violated the provisions of his suspended sentence by his failure to complete the sexual offender program and by his D.U.I. conviction, although it found that the State failed to show that Stangeland had been in contact with his stepdaughter. Stangeland's suspended sentence was revoked and he was sentenced to nine years in the Montana State Prison with four years suspended on the condition that he successfully complete the sexual offender program at the Montana State Prison. Stangeland appeals from the District Court's judgment and order of sentence and we identify the following issues:

1. Did the District Court err in not ordering a presentence investigation?

2. Was the District Court without jurisdiction to revoke Stangeland's probation?

3. Did the District Court abuse its discretion in revoking Stangeland's suspended sentence and imposing a sentence of incarceration.

Stangeland argues that the District Court should have ordered a presentence report. The State points out that Stangeland failed to object to the waiver of a presentence report prior to the original sentencing order dated October 31, 1986. Additionally, the State asserts that Stangeland specifically appealed from the District Court's sentencing order of October 30, 1987, and not from the order of October 31, 1986. Given these facts, Stangeland's first issue is

4

both untimely and not properly before this Court. Section 46-20-104(2), MCA.

On the second issue, Stangeland contends that the District Court did not have jurisdiction to revoke his suspended sentence. According to Stangeland, his probation officer must first report a parole violation to the county attorney before the District Court is vested with jurisdiction to revoke a suspended sentence.

Stangeland's argument is without merit. Section 46-18-203, MCA, provides as follows:

> (1) A judge, magistrate, or justice of the peace who has suspended the execution of a sentence or deferred the imposition of a sentence of imprisonment under 46-18-201 or his successor is authorized in his discretion to revoke the suspension or impose sentence and order the person committed. He may also, in his discretion, order the prisoner placed under the jurisdiction of the department of institutions as provided by law or retain such jurisdiction with his court.
>
> (2) A petition seeking revocation of a suspended sentence or imposition of a sentence previously deferred must be filed with the sentencing court during the period of suspension or deferral. Expiration of the period of suspension or deferral after the petition is filed does not deprive the court of jurisdiction to rule on the petition.
>
> (3) Prior to the revocation of an order suspending or deferring the imposition of sentence, the person affected shall be given a hearing. (Emphasis added.)

The District Court acted upon the petition filed by the county attorney and held a hearing pursuant to subsections (2) and (3) above. Subsection (1) specifically authorizes the District Court to revoke Stangeland's suspended sentence

5

and order him committed to the Montana State Prison. Felix v. Mohler (1981), 195 Mont. 391, 636 P.2d 830. The statute does not require any particular action from Stangeland's probation officer and does not divest the District Court of jurisdiction over Stangeland upon placement with the Department of Adult Parole and Probation of the State of Montana. We hold that the District Court exercised proper jurisdiction pursuant to § 46-18-203, MCA, in revoking Stangeland's original suspended sentence.

Stangeland's last argument is that the District Court abused its discretion in revoking his suspended sentence. Both parties recognize that the District Court has discretionary power to revoke a deferred or suspended sentence. State v. Robinson (Mont. 1980), 619 P.2d 813, 814, 37 St.Rep. 1830, 1832. We will not reverse a District Court's revocation of a suspended or deferred sentence absent a showing that the court abused that discretion. Robinson, 619 P.2d at 815.

Stangeland argues that his sentence again should be suspended and he should be allowed to try another sexual offender treatment program of his choosing. Throughout this appeal, Stangeland has contended that he is a victim of circumstances and that his violations of the terms and conditions of his suspended sentence were brought about by flaws in "the system" and errors made by the District Court and others in positions of authority over him. Stangeland admits to having "many difficulties" with the assigned sexual offender program but insists that he was predestined to failure because the program was unsuited to his particular needs and problems.

Stangeland's "difficulties," as he terms them, with the sexual offender program include a poor, hostile and uncooperative attitude, verbal threats to harm a program

6

therapist, irregular attendance at program sessions, visitation of the victim's home, and the consumption of alcohol; all are in violation of his contract with the program. The program staff collectively decided to terminate Stangeland's participation in the program for the above reasons and because they felt he was not amenable to outpatient treatment and was a risk to re-offend.

Stangeland presented expert witness testimony of psychiatrist Dr. George Cloutier at the revocation hearing. After hearing the testimony of Dr. Cloutier and the other witnesses at the hearing, the District Court concluded that "[i]t is necessary that . . . [Stangeland] undertake the sexual offender treatment program under the supervision and control of the Montana State Prison . . . " Stangeland contends that the testimony of Dr. Cloutier and others must be interpreted to allow him another chance at outpatient sexual offender treatment rather than treatment at the Montana State Prison.

Stangeland's arguments are similar to those presented to this Court in State v. Friedman (Mont. 1987), 732 P.2d 1322, 44 St.Rep. 313. Friedman was given a forty-year sentence on convictions for two counts of sexual intercourse without consent and one count of aggravated assault. The sentence review board suspended twenty years of the sentence on the condition that Friedman successfully complete a sexual offender program. Friedman failed to complete the sexual offender program and the district court subsequently reinstated his original sentence. On appeal, Friedman claimed he was a "victim of circumstances," was amenable to treatment, and should be given another chance at treatment. We found that there was substantial evidence to justify the revocation of Friedman's suspended sentence and that Friedman

7

was not entitled to another treatment program. Friedman, 732 P.2d at 1326.

In the instant case it is undisputed that Stangeland violated the terms and conditions of his suspended sentence by his failure to complete the sexual offender program and by his conviction of D.U.I. Given these violations, the District Court had the discretion to revoke Stangeland's suspended sentence. State v. Ford (Mont. 1985), 707 P.2d 16, 19, 42 St.Rep. 1530, 1535. Here, as in Friedman, the district court also sufficiently examined the reason for Stangeland's failure to complete the sexual offender program. The District Court was not required to give Stangeland a second chance at outpatient treatment as a matter of right. Friedman, 732 P.2d at 1326. The District Court found it necessary that Stangeland undertake the sexual offender program at the Montana State Prison. Stangeland has failed to show an abuse of the District Court's discretion.

Affirmed.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

8