LAWRENCE E. SPELDRICH, PETITIONER, *v.* JACK McCORMICK, WARDEN, RESPONDENT.

No. 90-102.
Decided June 7, 1990.
794 P.2d 339.

Lawrence E. Speldrich, pro se.
Marc Racicot, Atty. Gen., for respondent.

## ORDER AND OPINION

Chief Justice Turnage delivered the Opinion of the Court.

Lawrence E. Speldrich has filed in this cause a petition for writ of habeas corpus in which he states that he is seeking restoration of good time but is not appealing his sentence or conviction in this petition.

Jack McCormick, Warden, has filed his response admitting that petitioner is in his custody at Montana State Prison in Deer Lodge, Montana, and further contending that petitioner is not entitled to a writ of habeas corpus. Counsel for Mr. McCormick contends that the Legislature has changed the Montana statutes in such a manner that there is no good time credit earned on a suspended sentence and that petitioner therefore is not entitled to any good time.

By order dated August 5, 1985, the District Court of the Seventh Judicial District for Richland County entered its judgment on plea of guilty and order suspending sentence. Petitioner was found guilty of the offense of aggravated assault, a felony and was sentenced to five years in Montana State Prison, with the further provision that all five years of the sentence were suspended upon described conditions. After an appropriate petition, by order and judgment dated December 4, 1989, the same District Court ordered that the defendant's suspended sentence of August 5, 1985 was revoked and vacated. The District Court thereupon ordered that the defendant was sentenced to five years in Montana State Prison with two years suspended upon certain conditions. The District Court stated that the reason for the sentence was because of the seriousness of the crime committed by the defendant and the violations of probation.

This Court was concerned whether there was any limitation upon the power of the District Court to reimpose the original five-year sentence after completion of four and one-half years of the suspended sentence. The Attorney General of the State of Montana was ordered to respond to that question.

Having reviewed the response by the Attorney General, and relevant statutory and case law, this Court concludes that the District Court had jurisdiction to revoke the suspended sentence and to impose the original sentence of five years with two years suspended.

In the revocation and resentencing the District Court made no reference to sec. 46-18-201, MCA, which provides:

"**46-18-201. Sentences that may be imposed.** (1) Whenever a person has been found guilty of an offense upon a verdict or a plea of guilty, the court may:

"(a) defer imposition of sentence, excepting sentences for driving under the influence of alcohol or drugs, for a period, except as otherwise provided, not exceeding 1 year for any misdemeanor or for a period not exceeding 3 years for any felony. The sentencing judge may impose upon the defendant any reasonable restrictions or conditions during the period of the deferred imposition. Reasonable

restrictions or conditions may include:

"…

"(b) suspend execution of sentence up to the maximum sentence allowed for each particular offense. The sentencing judge may impose on the defendant any reasonable restrictions or conditions during the period of suspended sentence. Reasonable restrictions or conditions may include any of those listed in subsections (1)(a)(i) through (1)(a)(xi).

"…

"(3) *If any restrictions or conditions imposed under subsection (1)(a) or (1)(b) are violated, the court shall consider any elapsed time and either expressly allow part or all of it as a credit against the sentence or reject all or part as a credit and state its reasons in the order. Credit, however, must be allowed for jail time already served.*" (Emphasis added.)

This statute has been frequently amended by the legislature and apparently sometimes overlooked by the district courts. Under this statute the District Court was required to consider elapsed time and state its reasons for either expressly allowing or rejecting the elapsed time as credit against the sentence. In all revocation hearings we suggest that the county attorney shall call this section to the attention of the court before whom the county attorney appears.

IT IS ORDERED:

1. The petition for writ of habeas corpus is denied because Mr. Speldrich has failed to set forth any basis for granting habeas corpus.

2. This case shall be remanded to the District Court for compliance with the above-mentioned statute. The order of the District Court does not indicate that it considered this specific section. We therefore consider it appropriate to remand in order that the District Court may consider the statute and take such action as it deems advisable.

3. Copies of this order shall be mailed or delivered to the Attorney General of the State of Montana; Lawrence E. Speldrich; Jack McCormick, Warden; and the Honorable Dale Cox.

DATED this 7th day of June, 1990.

s/J.A. Turnage, Chief Justice
s/John Conway Harrison, Justice
s/John C. Sheehy, Justice
s/William E. Hunt, Sr., Justice
s/Diane G. Barz, Justice
s/Fred J. Weber, Justice

JUSTICE R. C. McDONOUGH did not participate.