NO. 94-373

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

STATE OF MONTANA,

    Plaintiff and Respondent,

  v.

TERENCE PONDER,

    Defendant and Appellant.

FILED

DEC 22 1994

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Joel G. Roth, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Robert M. Kampfer, Attorney at Law,
        Great Falls, Montana

    For Respondent:

        Hon. Joseph P. Mazurek, Attorney General,
        Cregg W. Coughlin, Assistant Attorney
        General, Helena, Montana

Submitted on Briefs: December 1, 1994

Decided: December 22, 1994

Filed:

_____
Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Defendant Terence Ponder was charged in the District Court for the Eighth Judicial District in Cascade County with two counts of sexual intercourse without consent, in violation of § 45-5-503, MCA (1991). Pursuant to a written plea agreement, Ponder pled guilty to one count of sexual intercourse without consent. He was sentenced to 10 years in prison with all time, except 40 days, of the sentence suspended, and was given 40 days credit for time served. On February 18, 1994, the State filed a petition to revoke Ponder's suspended sentence and alleged that he violated its conditions. Following an April 4, 1994, evidentiary hearing, the District Court ordered that Ponder's suspended sentence be revoked and ordered him to serve the full term of his original sentence. Ponder appeals. We affirm the judgment of the District Court.

The following issue is presented on appeal:

Did the District Court err when it revoked Ponder's suspended sentence and ordered him to serve the full term of his original sentence?

### FACTUAL BACKGROUND

On November 26, 1991, Ponder was charged with two counts of sexual intercourse without consent. On December 17, 1991, he pled not guilty to both counts.

On December 4, 1992, Ponder filed a written plea agreement with the District Court in which he agreed to plead guilty to one count of sexual intercourse without consent and in which the State

agreed to dismiss the other count. The District Court accepted his plea and granted the State's motion to dismiss the second count.

On June 9, 1993, Ponder was sentenced to 10 years in the Montana State Prison, with all time, except 40 days, suspended. The court also ordered that Ponder serve 40 days in the Cascade County Jail, but he was given credit for 40 days already served. The District Court ordered that Ponder abide by conditions of his suspended sentence, which included requirements that he obtain a chemical dependency evaluation at his own expense; that he attend and complete a sexual offender treatment program at his own expense; and that he pay restitution for counseling expenses for the victim.

Judy Reimann, Ponder's probation officer, filed an affidavit on February 8, 1994, in which she stated that she believed he had violated the terms of his probation. The State filed a petition on February 18, 1994, in which it requested that his suspended sentence be revoked. An evidentiary hearing was held on April 4, 1994.

Ponder, Judy Reimann, and Ron Silvers, Ponder's therapist, all testified at the evidentiary hearing. Silvers testified that participants in the sexual offender treatment program must adhere to strict guidelines, which include attendance and participation in all required meetings, and completion of required homework assignments. Silvers testified that Ponder was dealing with issues such as denial, avoidance, and minimization of the crime, but that he had an excessive number of absences from the program. Silvers

3

testified that Ponder was terminated from the program for lack of attendance, lack of group participation, failure to turn in assignments, and failure to pay Silvers' bill. However, Silvers testified that no one had ever been terminated from the program based solely on a failure to pay.

Reimann testified that Ponder's termination from Silvers' program is significant because, without therapy, he is a greater risk to r-e-offend. Reimann recommended prison as an alternative if Ponder did not continue counseling.

Ponder testified that he lost employment because he missed work while taking time off to travel to Helena to attend sexual offender counseling, and that he was having financial difficulties. He admitted that he missed several meetings at the sexual offender treatment program.

On April 5, 1994, the District Court found that Ponder had violated the condition of his suspended sentence which required him to attend and complete the sexual offender treatment program with Ron Silvers. The District Court found that three unexcused absences from the sexual offender treatment program would, in and of itself, justify revocation. On April 5, 1994, the District Court revoked Ponder's suspended sentence and sentenced him to 10 years in prison, with credit for time served. The District Court also ordered that if it is determined that Ponder is not a suitable candidate for serving his sentence in a community-based program, he must complete the sex offender treatment program at the Montana State Prison before he is eligible for parole.

4

Did the District Court err when it revoked Ponder's suspended sentence and ordered him to serve the full term of his original sentence?

We review a district court's revocation of a suspended sentence for an abuse of discretion. *State v. Lundquist* (1992), 251 Mont. 329, 331, 825 P.2d 204, 206 (citing *State v. Robinson* (1980), 190 Mont. 145, 149, 619 P.2d 813, 815).

Section 46-23-1013(2), MCA, gives a district court authority to revoke a suspended sentence based on a violation of its conditions. That section provides in part that "[i]f the violation is established, the court may . . revoke the . . suspension of sentence . . ." Section 46-23-1013(2), MCA. After a hearing, the District Court found that Ponder had violated the terms of his suspended sentence. That finding was supported by substantial evidence, and therefore, it was within the District court's discretion to revoke the suspended sentence.

"A defendant given a suspended sentence lives knowing that 'a fixed sentence for a definite term hangs over him."' *State v. Watts* (1986), 221 Mont. 104, 106, 717 P.2d 24, 26 (citing *Roberts v. United states* (1943), 320 U.S. 264, 64 S. Ct. 113, 88 L. Ed. 41). We have held that a district court has the power to suspend a sentence or to revoke a suspended sentence, and that the decision to revoke a suspended sentence "cancels a prior act of grace and is within the court's discretion." *State v. Rogers* (1989), 239 Mont. 327, 329, 779

5

P.2d 927, 929 (citing *State v. Kern* (1984), 212 Mont. 385, 388, 695 P.2d 1300, 1301).

We have affirmed the revocation of a suspended sentence based on a defendant's failure to complete a sexual offender treatment program. *See State v. Strangeland* (1988), 233 Mont. 230, 758 P.2d 776; *State v. Friedman* (1987), 225 Mont. 373, 732 P.2d 1322.

Ponder contends that the reason his suspended sentence was revoked was because of his indigency, which was beyond his control. He argues that he was unable to pay for counseling because he lacked the financial resources to do so, and that travel to the counseling sessions became difficult because he no longer owned a car. For these reasons, he argues that the revocation of his suspended sentence was an abuse of discretion, and that the District Court should have considered other, less severe, measures.

We have held that "[t]he standard for revocation . . . is whether the judge is reasonably satisfied that the conduct of the probationer has not been what he agreed it would be if he were given liberty." *Lundquist*, 825 P.2d at 206 (citing *Robinson*, 619 P.2d at 815). In this case, in its April 5, 1994, findings of fact, the District Court found that Ponder had numerous unexcused absences from his mandatory sexual offender treatment program and that this indicated that Ponder "is not admitting responsibility for his crime, and is not amenable to outpatient treatment." The District Court also found that Ponder's unexcused absences were part of the reason he was expelled from the treatment program.

6

We conclude that the District Court's findings are supported by substantial evidence and that it did not abuse its discretion when it revoked Ponder's suspended sentence.

The judgment of the District Court is affirmed.

Pursuant to Section I, Paragraph 3 (c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices