No. 95-128

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

STATE OF MONTANA,

Plaintiff and Respondent,

v.

LYNN W. DOCKEN,

Defendant and Appellant.

FILED

DEC 19 1995

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Fifth Judicial District,
                In and for the County of Jefferson,
                The Honorable Frank Davis, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

                Jeffrey T. Renz, Montana Defender Project,
                University of Montana Law School,
                Missoula, Montana

        For Respondent:

                Hon. Joseph P. Mazurek, Attorney General,
                Pat Jordan, Assistant Attorney General,
                Helena, Montana

                Deborah Butler, Acting Jefferson County Attorney,
                Boulder, Montana


                        Submitted on Briefs:   August 17, 1995

                                    Decided:   December 19, 1995

Filed:


_____
                Clerk

Justice James C. Nelson delivered the Opinion of the Court.

On June 1, 1989, the District Court for the Fifth Judicial District, Jefferson County, sentenced defendant Lynn W. Docken (Docken) to five years imprisonment, all of which was suspended. Upon petition, the District Court revoked the suspended sentence and imposed another five-year suspended sentence. Upon a second petition, the District Court revoked the second suspended sentence and imposed a five-year prison term. Docken appeals from the judgment imposing the prison term. We affirm.

Docken raises the following issue on appeal:

Did the District Court have jurisdiction to revoke Docken's five-year suspended sentence and impose a second five-year suspended sentence?

BACKGROUND

On February 8, 1989, the State charged Docken with one count of forgery and, alternatively, with one count of forgery through common scheme. The District Court sentenced Docken to five years imprisonment for forgery through common scheme and suspended her sentence under certain conditions.

Approximately four years later, the State petitioned to revoke Docken's suspended sentence for probation violations including possession of a firearm, failure to pay fines, misdemeanor offenses, and responding violently to law enforcement officers. Docken admitted the allegations of the petition. Concerned about the well-being of Docken's child, the probation officer recommended probation. The District Court revoked Docken's suspended sentence,

2

stated that she was not to be given credit for time served, and imposed the original five-year suspended sentence.

Two and one-half months later, the State again petitioned to revoke Docken's suspended sentence, alleging violations of her probation for use of unlawful drugs, possession of alcoholic beverages, failure to make restitution, and failure to maintain employment. The District Court revoked Docken's second suspended sentence, did not allow credit for her time already spent on probation, and ordered her imprisoned at the Women's Correctional Facility for five years. Docken appeals the District Court's revocation of her suspended sentence and her sentence of imprisonment for five years.

## DISCUSSION

Did the District Court have jurisdiction to revoke Docken's five-year suspended sentence and impose a second five-year suspended sentence?

Section 46-18-203(1), MCA, gives the sentencing judge the discretion to revoke a suspended sentence. State v. Otwell (1989), 240 Mont. 376, 377, 784 P.2d 402, 403. We will not overturn "a District Court's revocation of a suspended or deferred sentence absent a showing that the court abused that discretion." State v. Strangeland (1988), 233 Mont. 230, 234, 758 P.2d 776, 778 (citing State v. Robinson (1980), 190 Mont. 145, 149, 619 P.2d 813, 815). However, where, as here, the issue involves the existence of the court's jurisdiction to exercise the discretion conferred by the statute, our review is plenary.

3

Docken's arguments are two-fold. She claims that the District Court did not have jurisdiction to impose a suspended sentence and then revoke it and impose a second suspended sentence. Because she argues that the District Court lacked jurisdiction to impose the second suspended sentence, Docken also claims that the subsequent revocation of the second suspended sentence and imposition of a sentence of five years in the Women's Correctional Facility is void.

Docken relies on our decision in State v. Downing (1979), 181 Mont. 242, 593 P.2d 43, to assert that the District Court lacked jurisdiction to revoke her suspended sentence and impose a second suspended sentence. The State asserts that this Court should follow its reasoning in Speldrich v. McCormick (1990), 243 Mont. 238, 794 P.2d 339; and State v. Oppelt (1979), 184 Mont. 48, 601 P.2d 394, to hold that the District Court had the authority to reimpose the suspended sentence and retain jurisdiction.

In Downing the defendant pleaded guilty to burglary of a motor vehicle, a felony, and was sentenced to three years imprisonment, suspended on various conditions. Two and one-half years later, on petition of the county attorney, the district court revoked the defendant's suspended sentence and entered another judgment whereby Downing was sentenced to spend sixty days in the county jail and thirty-four months on suspended sentence status. Over a year and a half later (after the defendant has served his sixty days) the county attorney filed a petition to revoke the suspended portion of the defendant's sentence. The district court denied the

4

defendant's motion to dismiss the petition and, granting the petition, ordered him to serve the remaining thirty-four months of his suspended sentence. Downing, 593 P.2d at 44.

On appeal, Downing conceded that the district court had the power to revoke his suspended sentence and order him to serve a three-year term in prison. However, he argued that the district court did not have the statutory authority to revoke his suspended sentence and then modify the original sentence. Downing, 593 P.2d at 44. We noted that "[o]nce a valid sentence is imposed, the court lacks jurisdiction to vacate or modify it unless specifically authorized by statute." Downing, 593 P.2d at 44.

Section 95-2206(6), RCM (1947), the statute in effect at the time the crime was committed, provided that any judge who has suspended the execution of a sentence may:

> revoke such suspension or impose sentence and order such person committed, or may, in his discretion, order the prisoner placed under the jurisdiction of the state board of pardons as provided by law, or retain such jurisdiction with this court.

We determined that this section allowed the sentencing court three mutually exclusive alternatives in dealing with a defendant who has violated the conditions of probation. We stated that the sentencing court may "'. . . revoke such suspension . . . *and* order such person committed. . . [or] retain such jurisdiction with this court.'" Downing, 593 P.2d at 45.

We concluded that, on the first petition to revoke, the court exercised the first alternative under the statute, i.e., to revoke the suspended sentence and order the defendant committed. We

5

determined that the court erred, however, in going beyond simply revoking Downing's suspended sentence and committing him by instead requiring him to serve sixty days in the county jail and another thirty-four months on suspended sentence. We held that there was no statutory authority for the district court to grant the county attorney's second petition to revoke Downing's suspended sentence and that the district court no longer had jurisdiction to impose a second sentence. Downing, 593 P.2d at 45.

Notwithstanding Downing and without reference to our decision in that case, we subsequently held that a district court had jurisdiction to revoke a suspended sentence and impose a term of incarceration plus a second suspended sentence when the length of the original sentence remained the same. Speldrich, 794 P2.d at 340 (remanding for the district court to state its reasons for allowing or rejecting elapsed time as credit against the sentence).

In Speldrich, the defendant was found guilty of aggravated assault, a felony, and was sentenced to five years in the Montana State Prison, suspended on conditions. Over four years later, on petition, the district court revoked and vacated the suspended sentence and ordered the defendant to serve five years in prison, two of those years suspended on conditions. Speldrich, 794 P.2d at 339.

In reviewing the defendant's petition for writ of habeas corpus, we stated our concern as being whether "there was any limitation upon the power of the District Court to reimpose the original five year sentence after completion of four and one-half

6

years of the suspended sentence." Speldrich, 794 P.2d at 340. After reviewing "relevant statutory and case law" we concluded, however, that "the District Court had jurisdiction to revoke the suspended sentence and to impose the original sentence of five years with two years suspended." Speldrich, 794 P.2d at 340.

While it might be argued that in Downing we focused on the district court's modification of the defendant's original sentence and that in Speldrich we upheld the district court's imposition of a second suspended sentence because the original sentence was not altered, a careful reading of both cases reveals that such an argument is semantics. In Downing, the court revoked the original thirty-six month suspended sentence and then imposed sixty days of incarceration and thirty-four months suspended; in Speldrich, the court revoked the original five years suspended sentence and imposed three years incarceration and two years suspended. In neither case was the length of the original sentence modified; in both cases the first revocation of suspension was followed by a combination of incarceration and suspension. Finally, notwithstanding that the pertinent language in statutes in effect when each case was decided--§ 95-2206(6), RCM 1947, (Downing) and § 46-18-203(1), MCA (Speldrich)--is virtually the same, the results of the two cases are irreconcilable. Under such circumstances, it is again appropriate that we examine the language of the statute.

In reviewing the District Court's jurisdiction in this case we look to § 46-18-203(1) (1987), MCA, because it was the statute in effect at the time the crime was committed. See State v. Azure

7

(1978), 179 Mont. 281, 282, 587 P.2d 1297, 1298. Section 46-18-203(1) (1987), MCA, provides in pertinent part:

A judge . . . who has suspended the execution of a sentence . . . is authorized in his discretion to revoke the suspension or impose sentence and order the person committed. <u>He may also, in his discretion,</u> order the prisoner placed under the jurisdiction of the department of institutions as provided by law or <u>retain such jurisdiction with his court</u>. [Emphasis added.]

This Court has construed "retain such jurisdiction with his court" to be synonymous with continuing a suspended sentence. <u>See</u> <u>Oppelt</u>, 601 P.2d at 397; State v. Rogers (1994), 267 Mont. 190, 193, 883 P.2d 115, 117.

After conviction, the decision to suspend a sentence is a 'decision to forego complete denial of liberty by incarceration in favor of a judicially-supervised period of restricted liberty . . . . *In essence, the trial court retains jurisdiction over the defendant* by imposing conditions on defendant's freedom to which he agrees to abide. [Citations omitted and emphasis added.]

<u>Oppelt</u>, 601 P.2d at 397.[1]

In the instant case, the District Court had the statutory authority under § 46-18-203(1), MCA (1987), to revoke Docken's

---

[1]The dissent, by footnote, points to a difference between the Montana Reports and the Pacific Reporter Second with regard to certain language quoted from <u>Oppelt</u>. Marutzky v. State (Okla.Cr. 1973), 514 P.2d 430, 431, was cited in <u>Oppelt</u> as authority for the statement at issue. In <u>Marutzky</u>, the court stated: "The court maintains continuing jurisdiction via a judgment and sentence which imposes subsequent conditions upon defendant's freedom, conditions to which defendant agrees to abide." Accordingly, for whatever reason the full quote from <u>Oppelt</u> was not included in the Montana Reports, the Pacific Reporter Second language is a more accurate paraphrase of the language in <u>Marutzky</u> than is the language from the Montana Reports. Moreover, the original opinion of this Court on file with the Clerk of Court as Cause No. 14289 (decided October 17, 1979) contains the language as set forth in the Pacific Reporter.

originally imposed suspended sentence. Under Speldrich, the court also had the power to retain jurisdiction over the defendant by reimposing the original five year sentence and then suspending the sentence reimposed. Since in Speldrich we upheld the court's authority to revoke and then reimpose the original sentence via a combination of imprisonment and suspension both totaling no greater than the length of the original sentence, it follows that here the sentencing court likewise had the authority to revoke, reimpose, and then suspend the entirety of the defendant's original sentence, so long as the reimposed sentence did not exceed the length of the original sentence. Speldrich, 794 P.2d at 340.

The State argues that this Court should overrule Downing. We agree. Our holding in Downing is inconsistent with our holding in Speldrich. On carefully reexamining Downing, we conclude that our decision was in error. Contrary to our interpretation of § 95-2206(6), RCM 1947, that statute provided more latitude to the district court than our restrictive reading allowed. Under the plain language of § 95-2206(6), RCM 1947, the court could revoke the suspended sentence or impose sentence and order the defendant committed, or order the prisoner placed under the jurisdiction of the state board of pardons, *or retain jurisdiction*. Under the statute as written, revoking the suspended sentence did not *require* imposing sentence and ordering commitment. While revocation, imposition of sentence, and order of commitment was one alternative available to the district court, the court also had jurisdiction to revoke the suspended sentence and retain jurisdiction. If the

9

court retained jurisdiction, then it retained the ability to suspend or partially suspend the imposition of sentence. See Oppelt, 601 P.2d at 397. Although Speldrich did not specifically address Downing as it should have, it is clear that our decision in Speldrich effectively overruled Downing. If that was not evident then, it is now, by our decision here.

In the instant case, the District Court did not modify Docken's original sentence but, rather, under the authority of § 46-18-203(1), MCA (1987), and consistent with Speldrich, it revoked her suspended sentence and then reimposed the original five-year sentence. Choosing to retain jurisdiction under 46-18-203(1), MCA (1987), the court then suspended all five years of the sentence. Having thus retained jurisdiction, the District Court had authority under § 46-18-201(1), MCA (1987), to then revoke Docken's second suspended sentence and order her commitment to the Women's Correctional Facility for the full term of five years. We hold that the District Court had the statutory authority, and thus jurisdiction, to impose the second suspended sentence and that its decision to subsequently revoke that suspended sentence is not void.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

10



_____

Justices

Justice Charles E. Erdmann did not participate in this opinion.

Justice Terry N. Trieweiler dissenting.

I dissent from the majority opinion which uses semantic smoke and mirrors to ignore the plain language of § 46-18-203, MCA. The role of this Court in the construction of a statute is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted. Section 1-2-101, MCA.

As we correctly concluded in *State v. Downing* (1979), 181 Mont. 242, 593 P.2d 43, Section 95-2206(6), RCM (1947) (current version at § 46-18-203, MCA), simply does not provide the option of reimposing a second suspended sentence after a first suspended sentence has been revoked. We appropriately noted, "[t]he State's position seems to be that a three year suspended sentence can technically impede the defendant for the rest of his life." *Downing*, 181 Mont. at 244, 593 P.2d at 44. That now seems to be the majority's position.

We held in *Downing* that:

Once the decision was made to revoke defendant's suspended sentence, the District Court had the discretion to allow credit for the "good time" served by the defendant, but that is all. Section 95-2206(3), R.C.M. 1947. The District Court did not have the statutory authority to require defendant to serve sixty days in the Ravalli County Jail and another thirty-four months on a suspended sentence. Section 95-2206(6) did not permit this kind of modification.

Accordingly, there was no authority for the District Court to grant the county attorney's petition to again revoke the suspended sentence. At this point, the District Court no longer has jurisdiction over the

12

defendant and a sentence imposed at this time would be void.

*Downing*, 181 Mont. at 245, 593 P.2d at 45.

The majority's conclusion that there is an unreconciled conflict between *Downing* and our decision in *Speldrich v. McCormick* (1990), 243 Mont. 238, 794 P.2d 339, is nothing more than the creation of a straw man so that it can be knocked down. There is no conflict between *Downing* and *Speldrich*. *Speldrich* involves a one and one-half page order and opinion in which we remanded a case to the district court for further consideration of the sentence imposed in light of § 46-18-201, MCA, which gives the district court the discretion to credit time served under a suspended sentence against the actual time served after revocation of that sentence. As we pointed out in *Speldrich*, the defendant in that case did not even appeal his sentence or conviction. That case did not involve the same issue which we discussed in *Downing*. Neither § 46-18-203, MCA, nor its predecessor which was involved in *Downing*, were raised or discussed in that case. It is no mystery that the opinion did not discuss *Downing*. The State's brief did not even raise *Downing* because the same issue was not involved.

After constructing a conflict which does not exist, the majority reconciles the conflict by overruling *Downing* in favor of an interpretation of § 46-18-203, MCA, which makes no sense, cannot be justified by the plain language in the statute, and which in no

13

way is supported by this Court's one and one-half page opinion and order in *Speldrich*. The majority concludes that that language contained in § -203 which gives the district court authority to "retain jurisdiction," gives it the authority to impose a second and additional sentence after revoking the first sentence, even though four out of five years on the first suspended sentence have already been served. How the meaning of simple language can be distorted in this fashion is beyond me.

The statute simply does not provide the District Court with the option of imposing a new and different sentence after revoking the original suspension of sentence. As we held in *Downing*, the plain language of the statute gives the court three alternatives: (1) It may revoke the suspended sentence and order the person committed; (2) it may order the person placed under the jurisdiction of the department of institutions; or (3) it may retain jurisdiction with the court.

The majority takes language out of context from *State v. Oppelt* (1979), 184 Mont. 48, 601 P.2d 394, for its conclusion that "retain such jurisdiction with his court" is synonymous with "impose a new suspended sentence." However, this cut and paste approach to arriving at its conclusion is not justified. In *Oppelt*, the defendant contended that revocation of a suspended sentence based on conviction of a second crime constituted a double punishment for the second crime, and therefore, violated the Fifth Amendment

prohibition against subjecting a person to double jeopardy for the same offense. In describing a suspended sentence, we stated that during the period of suspension the court retains jurisdiction over the defendant's freedom with the option of incarcerating him should he not comply with the terms of his suspended sentence. We used that expression to illustrate that when a suspended sentence is revoked, a defendant is not being punished for a new offense, and therefore, the prohibition against double jeopardy is not offended. By no stretch of the imagination can our statement in *Oppelt*, 184 Mont. at 53, that, "the trial court retains jurisdiction over the defendant's freedom"[1] justify the majority's conclusion in this case that similar language found in § 46-18-203, MCA, allows the court to impose a new and additional sentence which is not provided for by statute in the event a defendant violates the terms of his probation. "Retained jurisdiction" in *Oppelt* was used solely for the purpose of explaining why, if a defendant violates a term of probation, the district court has the authority to impose the original sentence which was suspended without that action being considered an additional punishment.

---

[1]This dissent quotes language from *Oppelt* in the Montana Reporter (which includes the official reports for our decisions) at page 53 which states that the trial court retains jurisdiction over "the defendant's freedom." The Pacific Reporter Second, page 397, on the which majority opinion relies, states that the court retains "jurisdiction over the defendant."

The majority may like the flexibility that its opinion gives district courts for perpetuating their involvement in the lives of criminal offenders. A little creative use of the English language here, and a little distortion of a statute's terms there, and there is no end to the solutions our district courts could come up with to deal with what we all concede is anti-social conduct. My objection to the majority opinion is that it simply is not authorized by the plain language of the statute we have been asked to construe.

For these reasons, I dissent from the majority opinion.

_____
Justice

Justice William E. Hunt, Sr., joins in the foregoing dissent.

_____
Justice

16