JUSTICE TRIEWEILER
dissenting.
I dissent from the majority opinion which uses semantic smoke and mirrors to ignore the plain language of § 46-18-203, MCA. The role of this Court in the construction of a statute is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted. Section 1-2-101, MCA.
As we correctly concluded in State v. Downing (1979), 181 Mont. 242, 593 P.2d 43, Section 95-2206(6), RCM (1947) (current version at § 46-18-203, MCA), simply does not provide the option of reimposing a second suspended sentence after a first suspended sentence has been revoked. We appropriately noted, “[t]he State’s position seems to be that a three year suspended sentence can technically impede the defendant for the rest of his life.” Downing, 181 Mont. at 244, 593 P.2d at 44. That now seems to be the majority’s position.
We held in Downing that:
Once the decision was made to revoke defendant’s suspended sentence, the District Court had the discretion to allow credit for the “good time” served by the defendant, but that is all. Section 95-2206(3), R.C.M. 1947. The District Court did not have the *304 statutory authority to require defendant to serve sixty days in the Ravalli County Jail and another thirty-four months on a suspended sentence. Section 95-2206(6) did not permit this kind of modification.
Accordingly, there was no authority for the District Court to grant the county attorney’s petition to again revoke the suspended sentence. Atthis point, the District Courtno longer has jurisdiction over the defendant and a sentence imposed at this time would be void.
Downing, 181 Mont. at 245, 593 P.2d at 45.
The majority’s conclusion that there is an unreconciled conflict between Downing and our decision in Speldrich v. McCormick (1990), 243 Mont. 238, 794 P.2d 339, is nothing more than the creation of a straw man so that it can be knocked down. There is no conflict between Downing and Speldrich. Speldrich involves a one and one-half page order and opinion in which we remanded a case to the district court for further consideration of the sentence imposed in light of § 46-18-201, MCA, which gives the district court the discretion to credit time served under a suspended sentence against the actual time served after revocation of that sentence. As we pointed out in Speldrich, the defendant in that case did not even appeal his sentence or conviction. That case did not involve the same issue which we discussed in Downing. Neither § 46-18-203, MCA, nor its predecessor which was involved in Downing, were raised or discussed in that case. It is no mystery that the opinion did not discuss Downing. The State’s brief did not even raise Downing because the same issue was not involved.
After constructing a conflict which does not exist, the majority reconciles the conflict by overruling Downing in favor of an interpretation of § 46-18-203, MCA, which makes no sense, cannot be justified by the plain language in the statute, and which in no way is supported by this Court’s one and one-half page opinion and order in Speldrich. The majority concludes that that language contained in § -203 which gives the district court authority to “retain jurisdiction,” gives it the authority to impose a second and additional sentence after revoking the first sentence, even though four out of five years on the first suspended sentence have already been served. How the meaning of simple language can be distorted in this fashion is beyond me.
The statute simply does not provide the District Court with the option of imposing a new and different sentence after revoking the original suspension of sentence. As we held in Downing, the plain *305 language of the statute gives the court three alternatives: (1) It may revoke the suspended sentence and order the person committed; (2) it may order the person placed under the jurisdiction of the department of institutions; or (3) it may retain jurisdiction with the court.
The majority takes language out of context from State v. Oppelt (1979), 184 Mont. 48, 601 P.2d 394, for its conclusion that “retain such jurisdiction with his court” is synonymous with “impose a new suspended sentence.” However, this cut and paste approach to arriving at its conclusion is not justified. In Oppelt, the defendant contended that revocation of a suspended sentence based on conviction of a second crime constituted a double punishment for the second crime, and therefore, violated the Fifth Amendment prohibition against subjecting a person to double jeopardy for the same offense. In describing a suspended sentence, we stated that during the period of suspension the court retains jurisdiction over the defendant’s freedom with the option of incarcerating him should he not comply with the terms of his suspended sentence. We used that expression to illustrate that when a suspended sentence is revoked, a defendant is not being punished for a new offense, and therefore, the prohibition against double jeopardy is not offended. By no stretch of the imagination can our statement in Oppelt, 184 Mont. at 53, that, “the trial court retains jurisdiction over the defendant’s freedom”[1] justify the majority’s conclusion in this case that similar language found in § 46-18-203, MCA, allows the court to impose a new and additional sentence which is not provided for by statute in the event a defendant violates the terms of his probation. “Retained jurisdiction” in Oppelt was used solely for the purpose of explaining why, if a defendant violates a term of probation, the district court has the authority to impose the original sentence which was suspended without that action being considered an additional punishment.
The majority may like the flexibility that its opinion gives district courts for perpetuating their involvement in the lives of criminal offenders. A little creative use of the English language here, and a little distortion of a statute’s terms there, and there is no end to the solutions our district courts could come up with to deal with what we *306 all concede is anti-social conduct. My objection to the majority opinion is that it simply is not authorized by the plain language of the statute we have been asked to construe.
For these reasons, I dissent from the majority opinion.
JUSTICE HUNT joins in the foregoing dissent.

. This dissent quotes language from Oppelt in the Montana Reporter (which includes the official reports for our decisions) 184 Mont. at page 53, 601 P.2d 394 which states that the trial court retains jurisdiction over “the defendant’s freedom.” The Pacific Reporter Second, page 397, on which the majority opinion relies, states that the court retains “jurisdiction over the defendant.”