# STATE OF MONTANA,
## Plaintiff and Respondent
### v.
# CRAIG WILLIAM FRAZIER,
## Defendant and Appellant

No. 99-617.
Submitted on Briefs September 28, 2000.
Decided October 22, 2001.
2001 MT 210.
306 Mont. 358.
34 P.3d 96.

For Appellant: **Carl Jensen**, Office of Cascade County Public Defender, Great Falls.

For Respondent: **Hon. Joseph P. Mazurek**, Montana Attorney General, **John Paulson**, Assistant Montana Attorney General, Helena; **Brant S. Light**, Cascade County Attorney, **Jeffrey Mora**, Deputy Cascade County Attorney, Great Falls.

JUSTICE NELSON delivered the Opinion of the Court.

¶1 Craig William Frazier appeals the disposition order of the Eighth Judicial District Court, Cascade County, following the revocation of the suspended portions of sentences imposed for drug-related offenses eight years earlier. We remand for resentencing and entry of judgment consistent with this opinion.

¶2 We restate the issues on appeal as follows:

¶3 1. Did the District Court have jurisdiction to set conditions for future probationary sentencing and to change Frazier's sentences from consecutive to concurrent after revocation of their suspension?

¶4 2. Did the District Court abuse its discretion by commenting on Frazier's criminal propensities in the disposition order?

¶5 3. Did the District Court err by failing to inquire whether Frazier received effective assistance of counsel during the revocation and resentencing proceedings?

### FACTUAL AND PROCEDURAL BACKGROUND

¶6 On April 19, 1988, 20-year-old Craig William Frazier pleaded guilty to four felony counts of theft, sale of marijuana, possession with intent to sell marijuana and possession with intent to sell cocaine. On June 7, 1988, the Eighth Judicial District Court, Cascade County, designated Frazier as a nondangerous offender and sentenced him to terms of 10 years with 5 suspended for the first count, 25 years with 10 suspended for the second count, 20 years with 10 suspended for the third count, and 20 years with 10 suspended for the fourth count. The

court ordered the first three counts to run consecutively and the fourth count to run concurrently with the third count. The cumulative sentence totaled 55 years, with 25 suspended. Ultimately, Frazier's convictions and sentences were affirmed in collateral proceedings and at sentence review.

¶7 In November 1995, two weeks prior to Frazier's scheduled release from the Butte pre-release center, Frazier was again convicted of criminal sale and possession of marijuana. The Second Judicial District Court, Silver Bow County, sentenced Frazier to concurrent prison terms of eight years and five years for the two counts, which the court slated to run concurrently with Frazier's outstanding Cascade County sentences. In January 1996, the Cascade County Attorney petitioned the Eighth Judicial District Court to revoke the suspended portions of Frazier's earlier sentences on the grounds that Frazier had violated the terms of the suspensions by failing to obey all laws. The court appointed Bethany Schendel, from the Cascade County Public Defender's Office, to represent Frazier in the revocation proceedings. Frazier appeared at the answer hearing with Scott Albers, standing in for Schendel, and confirmed the petition's allegation that he violated the terms of his suspended sentence. At the disposition hearing on April 25, 1996, Frazier appeared with Marvin Anderson, substituting for Schendel. The court took testimony from a Cascade County probation officer and engaged Frazier in an extensive discussion. In the end, the court revoked the suspended portions of Frazier's prior sentences and recommended he participate in the Swan River Boot Camp program. The order stated that if Frazier successfully completes the program, the court will consider re-imposing a probationary sentence for the remaining term of the sentences.

¶8 Frazier filed a *pro se* appeal while serving time at Montana State Prison and, after various attorneys withdrew from the case, present counsel was appointed.

¶9 To support his arguments, Frazier submitted affidavits and documents as attachments to his appellate brief that relate to his plea agreement with the Second Judicial District Court, and his prior experience at Swan River Boot Camp. These documents are not part of the Eighth Judicial District Court record. We have stated on numerous occasions that parties on appeal are bound by the record and may not attempt to introduce extraneous information in briefs or appendices. *State v. MacKinnon* (1998), 288 Mont. 329, ¶ 15, 957 P.2d 23, ¶ 15 (citing *State v. Hatfield* (1993), 256 Mont. 340, 344, 846 P.2d 1025, 1028; *State v. Hall* (1983), 203 Mont. 528, 540, 662 P.2d 1306, 1313). Consequently, we review the following issues based only on the evidence contained in the District Court record.

**Issue 1.**

¶10 **Did the District Court have jurisdiction to set conditions for future probationary sentencing and to change Frazier's sentences from consecutive to concurrent after revocation of their suspension?**

¶11 We review sentences for legality only. *State v. Rennick*, 1999 MT 155, ¶ 7, 295 Mont. 97, ¶ 7, 983 P.2d 907, ¶ 7; *State v. Graves* (1995), 272 Mont. 451, 463, 901 P.2d 549, 557. We have held when the issue involves the existence of the court's jurisdiction to exercise the discretion conferred by statute, our review is plenary. *State v. Docken* (1995), 274 Mont. 296, 298, 908 P.2d 213, 214.

¶12 Frazier does not dispute the authority of the District Court to revoke his suspended sentences because he violated the terms of his parole. However, he maintains the court made several mistakes during resentencing, and those mistakes invalidate his sentence. Specifically, Frazier maintains the District Court mistakenly believed it lacked authority upon revocation to assign Frazier's three consecutive terms to run concurrently. We agree and remand for resentencing.

¶13 Frazier cites to §§ 46-18-203(7)(a)(iii) and 46-23-1013(2), MCA (1999), as authority for the District Court's power to alter the length and nature of sentences upon revocation. The State argues, and we agree, that the appropriate sentencing statute in this case is § 46-18-203(1), MCA (1987), the statute in effect at the time the crimes were committed. *See State v. Azure* (1978), 179 Mont. 281, 282, 587 P.2d 1297, 1298.

¶14 Section 46-18-203(1)(1987), MCA, provides:

> A judge ... who has suspended the execution of a sentence ... is authorized in his discretion to revoke the suspension or impose sentence and order the person committed. He *may* also, *in his discretion*, order the prisoner placed under the jurisdiction of the department of institutions as provided by law or retain such jurisdiction with his court. (Emphasis added.)

¶15 This Court has held when the district court retains jurisdiction after revocation, the court's authority encompasses the power to reimpose the original sentence via a combination of imprisonment and suspension, both totaling no greater than the length of the original sentence. *Docken*, 274 Mont. at 302, 908 P.2d at 216. *See also, Speldrich v. McCormick* (1990), 243 Mont. 238, 240, 794 P.2d 339, 340, where we directed courts to expressly allow or reject elapsed time in suspension as credit against the sentence. The district court's authority in resentencing after revocation is limited by the parameters set forth by the original sentence, and can impose no additional restrictions. *State v. Gordon*, 1999 MT 169, ¶ 45, 295 Mont. 183, ¶ 45, 983 P.2d 377, ¶ 45.

¶16 The District Court's five-page disposition order describes Frazier's

prior convictions, criminal history, and the court's reasons for revoking the suspended sentences. The order revokes Frazier's suspended sentences based on Frazier's plea of true to the charge that he abrogated parole conditions and Frazier's own testimony at the disposition hearing. The final order reads, in pertinent part:

> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED, that the suspended portions of Defendant's sentences are revoked in each of these causes. The Court recommends Defendant in each case for the Swan River Boot Camp Program, and if Defendant successfully completes that program, the Court will consider reimposing a probationary sentence for the remaining term of these sentences, subject to conditions to be determined in a hearing before the Court at which the Defendant appears in person.

¶17 The District Court made successful completion of the Swan River Boot Camp program a condition for consideration of reimposing a probationary sentence for the remaining term of Frazier's sentences. Admission to the program is discretionary, open to applicants who meet the criteria set by the Department of Corrections. Frazier maintained at the disposition hearing that his opportunity to participate in the program had been foreclosed by his prior unsuccessful involvement. Nevertheless, the District Court recommended the program and made its successful completion a condition for future consideration of probationary sentencing.

¶18 The transcript of the disposition hearing reveals the District Court's uncertainty regarding its legal authority to impose concurrent sentences after revocation of suspended portions of prior consecutive sentences. The order also reflects this uncertainty by neglecting to address the consecutive or concurrent nature of the sentences after revocation. Moreover, the actual period of incarceration imposed by the order is never explicitly stated.

¶19 ███ We conclude that when the District Court determined to "retain jurisdiction" after sentence revocation under § 46-18-203(1), MCA (1987), the court claimed statutory authority to alter the terms and conditions of Frazier's original sentences, as long as the new sentence remained within the parameters set forth by the original sentencing court and imposed no new restrictions. We conclude that the District Court's recommendation that Frazier participate in the Swan River Boot Camp program as a condition for probationary sentencing falls within the parameters of the original sentence and imposes no new restrictions. We hold the court's discretionary authority under § 46-18-203(1), MCA (1987), includes the power to reassign Frazier's terms to run concurrently when originally designated to run consecutively.

¶20 We remand to the District Court for resentencing to allow the court to determine whether to impose concurrent or consecutive

sentences.

## Issue 2.

¶21 **Did the District Court abuse its discretion by commenting on Frazier's criminal propensities in the disposition order?**

¶22 Frazier contends that the District Court abused its statutory authority when it stated in the disposition order that should Frazier fail to successfully complete the Swan River Boot Camp program, "it is appropriate to protect our community from this young man who seems to have a firmly ingrained criminal mentality." Frazier argues that this statement is tantamount to an illegal restriction on his parole eligibility.

¶23 We find this argument unpersuasive. As noted above, the District Court has the discretion to state explicitly its reasons for sentence revocation and its concerns about Frazier's potential for further criminal activity in the course of resentencing. We conclude that the court did not abuse its discretion in making this comment in the disposition order.

## Issue 3.

¶24 **Did the District Court err by failing to inquire whether Frazier received effective assistance of counsel during the revocation and resentencing proceedings?**

¶25 Frazier contends on appeal that Schendel's performance as counsel was deficient and the court denied him his right to effective assistance by failing to conduct an initial inquiry. Frazier claims Schendel provided him with extremely limited consultation time, failed to appear in court with him, failed to call witnesses to testify on Frazier's behalf and neglected to investigate the terms of Frazier's plea agreement in Butte. However, the question before this Court is not whether there is truth to these allegations, but whether Frazier raised a claim of ineffective assistance of counsel during the proceedings that would trigger an obligation of the District Court to inquire further into the attorney-client relationship.

¶26 At the answer hearing on March 15, 1996, Frazier informed the court that he had experienced difficulty communicating with Schendel:

> It's been real difficult being in prison getting a hold of counsel, you know, because collect phone calls and getting a hold of me, I only spent five minutes with my attorney. And I have no problem with her. It's being in prison and county jail and no conflict of anyone.

¶27 Frazier also maintains he felt pressured to represent himself at the disposition hearing on April 25, 1996, where he testified at length, and engaged in an extensive discussion with the court. Frazier responded to a question posed by stand-in counsel Marvin Anderson

as follows:

> Q. (Anderson) Now, you've indicated you wish to address the court about this matter?
>
> A. (Frazier) I'm the only one here that knows what's going on with my case. And I have to defend myself here. Miss Schendel's my lawyer, but due to circumstances beyond our control, she can't be here.

¶28 Frazier contends on appeal that the District Court erred by not stopping the disposition hearing at this point and inquiring further into Frazier's allusion to a breakdown of the attorney-client relationship. We do not agree.

¶29 The fundamental right to effective assistance of counsel is guaranteed by the Sixth Amendment to the United States Constitution and Article II, Section 24, of the Montana Constitution. In the event that a criminal defendant presents a "seemingly substantial complaint" regarding the effectiveness of counsel, the court should conduct a hearing to address the merits of the defendant's claims and the request for substitution of counsel. *City of Billings v. Smith* (1997), 281 Mont. 133, 136, 932 P.2d 1058, 1060 (citations omitted). When first presented with allegations of ineffective assistance of counsel, the district court must make an adequate initial inquiry into the nature of those complaints and determine if they are seemingly substantial. *State v. Gallagher* (1998), 288 Mont. 180, ¶ 15, 955 P.2d 1371, ¶ 15. Only if the court concludes the defendant has presented a seemingly substantial complaint about inadequate counsel must it then hold a hearing to address the validity of those complaints. *City of Billings*, 281 Mont. at 141, 932 P.2d at 1063. Where allegations of ineffective assistance cannot be documented from the record in the underlying case, such claims can only be raised in a postconviction proceeding. *Hagen v. State*, 1999 MT 8, ¶ 15, 293 Mont. 60, ¶ 15, 973 P.2d 233, ¶ 15 (examples omitted).

¶30 In this case, the District Court undertook no initial inquiry. The question before us is whether Frazier raised sufficient allegations of ineffective assistance of counsel during the proceedings to trigger the District Court's obligation to inquire further into the complaints. Only if such an initial inquiry determined that Frazier had a "seemingly substantial claim" would a hearing before the court be warranted. To spark the initial inquiry, Frazier needed to enunciate his complaints about a breakdown in the attorney-client relationship to the District Court.

¶31 ■ We find no evidence in the record that Frazier complained to the court about his attorney's performance at any time prior to judgment. He did not request a continuance at either the answer or disposition hearings to allow additional time for consultation with his attorney. Nor did he ask the court to appoint substitute counsel. He did

not object to representation by stand-in counsel at the two hearings. Because we find no instance in the record where Frazier directly alleged ineffective assistance of counsel or expressed dissatisfaction with the attorney-client relationship, we hold that the District Court's lack of initial inquiry was not in error. Due to the dearth of evidence regarding the attorney-client relationship in the record, we cannot reach the substance of Frazier's claim of ineffective assistance of counsel on appeal.

¶32 Remanded for resentencing in accordance with this opinion.

CHIEF JUSTICE GRAY, JUSTICES LEAPHART, TRIEWEILER and REGNIER concur.