No. 03-026

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 353N

STATE OF MONTANA,

        Plaintiff and Respondent,

   v.

CRAIG WILLIAM FRAZIER,

        Respondent and Appellant.


APPEAL FROM:    District Court of the Eighth Judicial District,
In and for the County of Cascade, Cause Nos. ADC 87-100A; CDC 87-236; CDC 87-260
The Honorable Marc G. Buyske, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

      Carl Jensen, Public Defender's Office, Great Falls, Montana

      For Respondent:

      Hon. Mike McGrath, Montana Attorney General, John Paulson, Assistant Attorney General, Helena, Montana; Brant Light, Cascade County Attorney, Great Falls, Montana


Submitted on Briefs:  May 8, 2003

Decided:  December 18, 2003

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 On remand from this Court, the Eighth Judicial District Court, Cascade County, modified Craig William Frazier's (Frazier) sentence for drug-related charges. He appeals the modification. We affirm.

## ISSUE

¶3 The issue presented on appeal is whether the District Court erred in modifying Frazier's sentence.

## FACTUAL BACKGROUND

¶4 In April 1988, then 20-year-old Frazier pleaded guilty to four felony counts of theft, sale of marijuana, possession with intent to sell marijuana and possession with intent to sell cocaine. In June 1988, the Eighth Judicial District Court, Cascade County, sentenced Frazier to a cumulative sentence of fifty-five years, with twenty-five suspended. Frazier's convictions and sentences were affirmed in collateral proceedings and at sentence review.

¶5 In November 1995, just two weeks prior to Frazier's scheduled release from the pre-release center, Frazier was again convicted of criminal sale and possession of marijuana. The Second Judicial District Court, Silver Bow County, sentenced Frazier to concurrent

prison terms of eight years and five years for the two counts, which the court ordered to run concurrently with Frazier's outstanding Cascade County sentences.

¶6     In January 1996, the Cascade County Attorney petitioned the Eighth Judicial District Court to revoke the suspended portions of Frazier's four 1988 sentences on the grounds that Frazier had violated the terms of the suspensions.  At the disposition hearing on April 25, 1996, the court revoked the suspended portions of Frazier's prior sentences and recommended that he participate in the Swan River Boot Camp program.  The court agreed to consider reimposing probationary sentences for the remaining terms of these revoked suspended sentences if Frazier successfully completed the Swan River program.  The court failed, however, to state whether the revoked suspended sentences should run consecutively or concurrently.

¶7     Frazier appealed the April 1996 ruling on three separate grounds.  We rejected two of his claims but remanded the case to the District Court for re-sentencing to specify whether Frazier's revoked sentences should run consecutively or concurrently.  *State v. Frazier*, 2001 MT 210, 306 Mont. 358, 34 P.3d 96.  A re-sentencing hearing was held on April 25, 2002, during which the court imposed four new ten-year suspended sentences to run concurrently. Additionally, the court declared that the new suspended sentences had begun running on April 25, 1996, noting that it was on that day that the suspended portions of Frazier's sentences had been revoked.  The result was that, as of the April 25, 2002 re-sentencing hearing, Frazier had already served six years of his ten-year suspended sentences. The State did not oppose the concurrent running of these sentences nor the commencement date of

3

April 25, 1996.

¶8 Frazier subsequently sought clarification of the District Court's April 2002 Order because he believed the Department of Corrections (DOC) was not going to honor the sentence. His concern stemmed from the fact that, on April 25, 1996, he had actually been on parole and was still serving a portion of his original thirty-year prison term. The DOC took the position that the April 2002 concurrent ten-year suspended sentences should not begin to run until Frazier had discharged his original prison term through parole, which was scheduled for early 2004.

¶9 Frazier maintained that under the District Court's April 2002 sentence, he is discharging his suspended sentences at the same time he is discharging his thirty-year prison sentence, and that when his thirty-year sentence is fully discharged in March 2004, he will have only two years remaining on his suspended sentences.

¶10 The District Court held a hearing on September 30, 2002. During the hearing, Frazier acknowledged that during the April 2002 hearing the District Court and the attorneys had been under the mistaken impression that he had started serving the suspended portions of his sentences prior to April 25, 1996. He further acknowledged that he had not corrected this erroneous impression. He also admitted that he knew of no law that allowed him to get credit against the suspended portion of his sentence while serving his prison time. Frazier's parole officer testified at the September 2002 hearing that Frazier was scheduled to discharge his thirty-year prison sentence in 2004, at which time the DOC intended to commence the running of his April 2002 concurrent ten-year suspended sentences. Under this scenario,

4

Frazier would discharge the suspended portions of his sentence in 2014.

¶11    The District Court admitted that it had misapprehended Frazier's status during the April 2002 hearing, and had mistakenly believed that on April 25, 1996, Frazier had discharged his prison sentence and was serving his suspended sentences. The court apologized to Frazier for any problem this error had caused, but concluded that it had erroneously given Frazier credit for suspended time served and had to revoke that credit. The District Court, thereafter, modified its earlier judgment by deleting reference to credit for time served on the suspended sentences. The new judgment stated that Frazier's suspended sentence will begin to run upon discharge of his paroled prison sentence. It is from this modification that Frazier appeals.

## STANDARD OF REVIEW

¶12    This Court reviews sentences for legality only. *Frazier*, ¶ 11.

## DISCUSSION

¶13    Frazier argues that the District Court did not err when it originally sentenced him on April 25, 2002, to four concurrent ten-year suspended sentences commencing on April 25, 1996. He maintains that the county attorney specifically recommended that the Court run the sentences concurrently, rather than consecutively, and give him credit back to April 1996. Moreover, Frazier claims that the State knew he was on parole at the time of the 1996 revocation hearing. Therefore, Frazier avers, because the court did not make a mistake, the modification to correct the "mistake" should be set aside.

¶14    The State denies knowing that Frazier was on parole at the time of his April 25, 1996,

5

revocation hearing. It asserts that while the county attorney did recommend concurrent suspended sentences credited back to April 25, 1996, both the county attorney and the District Court Judge were operating under the mistaken impression that Frazier was on probation and not parole at that time.

¶15 The transcripts of the April 2002 re-sentencing hearing and the September 2002 disposition hearing support the State's position. Throughout the April 2002 hearing, it is apparent that the District Court Judge believed that Frazier was then serving his suspended sentence on probation and had been doing so since before April 1996. Not only did Frazier not correct the apparent misunderstanding of the court, he contributed to the court's mistaken belief. At one point the court asked Frazier, "Have you paid any of the surcharges that were required to be paid?" Frazier responded, "I paid the surcharges and paid 25 bucks a month while I was on parole for the restitution. And court supervision fees, I paid that every month as well back then." While it may have been prudent for the court to inquire about the inclusive dates of Frazier's parole, Frazier's comment certainly implied he was no longer on parole. This was untrue because at the time of the April 2002 re-sentencing hearing, Frazier was still on parole and had approximately two more years of parole to serve.

¶16    The District Court's Amended Dispositional Order dated October 8, 2002, explains:

On April 25, 2002, it was the belief of the parties and the [c]ourt that the Defendant was presently serving time on his suspended sentences. Due to that misunderstanding, the Defendant was sentenced on that date to a suspended sentence and given credit for time served since the original revocation of his sentence on April 25, 1996.

The [c]ourt has now determined that the Defendant is presently on parole and will not discharge his prison sentence until the year 2004. The [c]ourt can find no authority in statute or case law that permits giving credit against the suspended portion of a sentence for the time served on the portion of the sentence not suspended.

¶17    The court then modified its earlier dispositional order by finding "that the Defendant is not entitled to any credit for time against the suspended portion of his sentences due to the Defendant's present status as an inmate on parole."

¶18    Under § 46-18-116(3), MCA, the court may correct a factually erroneous sentence or judgment at any time.

¶19    The District Court conceded that it imposed Frazier's April 25, 2002, sentences while mistakenly believing that Frazier was on probation at that time and on April 25, 1996. This was a factual error that Frazier chose not to correct, testifying that he did not want to "look a gift horse in the mouth."

¶20    We hold that the District Court had the authority to correct Frazier's sentence based upon this factual error. As a result, the modified sentence is within the parameters of the sentencing statute for such offenses and is legal.

7

# CONCLUSION

¶21    For the foregoing reasons, we affirm the District Court.

/S/ PATRICIA COTTER

We Concur:

/S/ KARLA M. GRAY
/S/ JIM REGNIER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE