No. 03-515

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 42N

STATE OF MONTANA,

          Plaintiff and Respondent,

   v.

JAMES DOUGLAS THOMAS,

          Defendant and Appellant.

APPEAL FROM:   District Court of the Twenty-First Judicial District,
In and for the County of Ravalli, Cause No. DC-97-116
The Honorable Jeffrey H. Langton, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

          James D. Thomas, *pro se*, Deer Lodge, Montana

       For Respondent:

          Hon. Mike McGrath, Montana Attorney General, Jim Wheelis, Assistant
Attorney General, Helena, Montana; George H. Corn, Ravalli County
Attorney, Hamilton, Montana

Submitted on Briefs:  February 10, 2004

Decided:  February 24, 2004

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 James D. Thomas (Thomas), *pro se*, appeals from the District Court's January 30, 2003 Opinion and Order in Ravalli County Cause No. DC-97-116. This order granted Thomas's Motion to Correct Clerical Error Re: Time Served to the extent of allowing him to receive credit for forty-nine days served while incarcerated instead of the twenty-one days credit as stated in the court's April 18, 2002 Judgment on Revocation of Suspended Sentence. The court's January 30, 2003 order denied, however, Thomas's motion for 1435 days credit for time served while on probation. We affirm.

## BACKGROUND

¶3 On April 22, 1998, Thomas was sentenced by the District Court to fifteen years in the Montana State Prison, suspended, on his plea of guilty to sexual assault, a felony, in violation of § 45-5-502, MCA. Subsequently, Thomas's probation was revoked and, following a hearing, the court sentenced Thomas to fifteen years in the Montana State Prison awarding him credit for time served while incarcerated pending revocation but not for time spent on probation.

¶4 Thomas moved to amend the sentence by awarding him credit for time served on probation and to correct the number of days of credit for time served while incarcerated. As noted above, the court amended its judgment on January 30, 2003, to correct Thomas's credit

2

for time served while incarcerated, but the court denied his motion for time served on probation.

## DISCUSSION

¶5     This Court reviews a district court's imposition of a sentence for legality. *State v. Horton*, 2001 MT 100, ¶ 17, 305 Mont. 242, ¶ 17, 25 P.3d 886, ¶ 17.  The standard of review of the legality of a sentence is whether the sentencing court abused its discretion.  *Horton*, ¶ 17.

¶6     Thomas's criminal acts occurred in August of 1997 and, therefore, the 1995 version of the Montana Code applies. *State v. Frazier*, 2001 MT 210, ¶ 13, 306 Mont. 358, ¶ 13, 34 P.3d 96, ¶ 13.  Section 46-18-203(7), MCA (1995), provided:

> If the court finds that the defendant has violated the terms and conditions of the suspended or deferred sentence, the court may:
>     (a) continue the suspended or deferred sentence without a change in conditions;
>     (b) continue the suspended sentence with modified or additional terms and conditions;
>     (c) revoke the suspension of sentence and require the defendant to serve either the sentence imposed or any lesser sentence; or
>     (d) if the sentence was deferred, impose any sentence that might have been originally imposed.

¶7	Furthermore, § 46-18-201(4), MCA (1995), effective July 1, 1997, provided:

>	If any restrictions or conditions imposed under subsection (1)(a) or (1)(b) are violated, the court shall consider any elapsed time and either expressly allow part or all of it as a credit against the sentence or reject all or part as a credit. The court shall state its reasons in the order. Credit, however, must be allowed for jail or home arrest time already served.

¶8	Under this statute, the District Court was not required to award credit for time served on probation, but needed only to state its reasons for either denying or granting credit. Here the court did so. Thomas argued that he should receive credit for 1435 days spent on probation. The court rejected this argument referencing its rationale set forth in a May 9, 2002 document captioned "Reasons." It is unnecessary that we reiterate the court's rationale here. We note only that the court provided some six pages of rationale as to why Thomas failed to live up to the court's expectations when he was originally placed on probation.

¶9	Our review of the record of this matter leads us to conclude that pursuant to Sections I, 3(d)(i), Montana Supreme Court 1996 Internal Operating Rules, the legal issues raised in this appeal are clearly controlled by settled Montana law; there are no factual issues in dispute; and the trial court's conclusions of law are correct. We hold that the District Court rendered a legal sentence and did not abuse its discretion in denying Thomas's motion for credit for 1435 days spent on probation.

¶10	Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ KARLA M. GRAY

/S/ JOHN WARNER

/S/ PATRICIA O. COTTER

/S/ JIM REGNIER

4