No. 03-240

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 161N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

CLIFFORD W. MILLEGAN,

Defendant and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DC 92-245(A),
Honorable Ted O. Lympus, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Clifford W. Millegan, *pro se*, Deer Lodge, Montana

For Respondent:

Honorable Mike McGrath, Attorney General; Jim Wheelis, Assistant
Attorney General, Helena, Montana

Ed Corrigan, County Attorney, Kalispell, Montana

Submitted on Briefs:   October 9, 2003

Decided:   June 22, 2004

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Clifford Millegan appeals from the order entered on February 25, 2003, by the Eleventh Judicial District Court, Flathead County, denying his motion for credit toward his sentence for time served on probation.

¶3 The issues on appeal are the following:

1. Was the request for revision of sentence statutorily time barred?

2. Did the District Court's order violate constitutional guarantees of due process, absence of double jeopardy, or equal protection?

BACKGROUND

¶4 Millegan was found guilty of burglary and criminal mischief and sentenced on March 24, 1993, to twenty years imprisonment with five years suspended for the burglary offense and a concurrent term of ten years imprisonment for the criminal mischief offense. He was subsequently paroled, and on November 26, 2000, his status was changed to probation.

¶5 On October 5, 2001, Millegan was charged with seven misdemeanor offenses. Millegan and the State entered a plea agreement, and following Millegan's guilty plea to three of the charges, the State petitioned to revoke Millegan's original suspended sentence.

2

Millegan admitted to the allegations of the revocation petition, and on April 26, 2002, following hearing, the District Court revoked Millegan's suspended sentence and committed him to the Department of Corrections for a term of five years. Citing the nature of Millegan's probation violations, the District Court denied credit for time Millegan had served on probation.

¶6 Over six months later, on November 12, 2002, Millegan filed a motion seeking credit for his time served on probation to be applied to his sentence. The District Court denied his motion by order of February 24, 2003. Millegan appeals the denial of his motion for credit for time served.

## STANDARD OF REVIEW

¶7 Where the sentence is for a period of incarceration greater than one year, as here, it is reviewed for legality only. *State v. Herd*, 2004 MT 85, ¶ 22, 320 Mont. 490, ¶ 22, 87 P.3d 1017, ¶ 22. The standard of review for questions of constitutional law is plenary. *State v. Kennedy*, 2004 MT 53, ¶ 13, 320 Mont. 161, ¶ 13, 85 P.3d 1279, ¶ 13. We review a district court's conclusions of law to determine whether its interpretation of the law is correct. *Kennedy*, ¶ 13.

## DISCUSSION

¶8 We note at the outset that, pursuant to Rule 5, M.R.App.P., Millegan had sixty days from the date of entry of the judgment to appeal the sentence imposed by the District Court. However, he did not file an appeal.

3

¶9     The State initially argues that Millegan's motion was time barred because it was not filed within 120 days of the imposition of his sentence, as required by § 46-18-117, MCA (1991). Although this statute has since been repealed,[1] it was in effect at the time of Millegan's crimes and is applicable here. *See State v. Brister*, 2002 MT 13, ¶ 27, 308 Mont. 154, ¶ 27, 41 P.3d 314, ¶ 27; *State v. Frazier*, 2001 MT 210, ¶ 13, 306 Mont. 358, ¶ 13, 34 P.3d 96, ¶ 13. Section 46-18-117, MCA (1991), provided:

> **Correction of sentence.** The court may correct an illegal sentence or disposition at any time and may correct a sentence imposed in an illegal manner within 120 days after the sentence is imposed or after remand from an appellate court.

¶10    Thus, if Millegan had argued that his sentence was *illegally imposed*, his claim would have been time barred for failing to file within 120 days of the imposition of his sentence. However, according to the statute, *illegal sentences* may be challenged at any time. Although the State argues that Millegan did not claim in the District Court that his sentence was illegal, we conclude that he did so, and that his claim was not time barred.

¶11    In the District Court, Millegan challenged his sentence on the grounds that it (1) violated statute and (2) constituted double jeopardy. On appeal, Millegan has dropped the statutory challenge he raised in the District Court, and instead raises three constitutional challenges to the failure of the court to grant him credit for probation time served: double jeopardy, due process, and equal protection. However, because Millegan did not raise the

---

[1]Sec. 2, Ch. 74, Laws of Montana (2001). The current law, codified as § 46-18-116(3), MCA (2003), provides: "The court may correct a factually erroneous sentence or judgment at any time. Illegal sentences must be addressed in the manner provided by law for appeal and postconviction relief."

due process and equal protection arguments in the District Court, he did not preserve these issues for appeal. Sections 46-20-104(2) and 46-20-701(2), MCA (1991); *State v. LaDue*, 2001 MT 47, ¶¶ 27-30, 304 Mont. 288, ¶¶ 27-30, 20 P.3d 775, ¶¶ 27-30; *Akhtar v. Van de Wetering* (1982), 197 Mont. 205, 209, 642 P.2d 149, 152.

¶12 We are left, then, with one issue: double jeopardy. However, on this issue, Millegan cites no authority to support his bald, conclusory statement that his sentence violated this constitutional right. Rule 23(a)(4), M.R.App.P., requires that an appellant's argument contain citations to the authorities relied upon and that it not be a "mere repetition of the argument headings." Millegan's briefing utterly fails to meet this minimal burden. Conclusory statements are insufficient to sustain an issue for the Court's consideration. *See In re Estate of Spencer*, 2002 MT 304, ¶ 20, 313 Mont. 40, ¶ 20, 59 P.3d 1160, ¶ 20 ("The Court will not consider unsupported issues or arguments.").

¶13 For the foregoing reasons, we need not reach the merits of the constitutional issues Millegan raises on appeal.

¶14 Affirmed.

/S/ JIM RICE

We concur:

/S/ JIM REGNIER
/S/ PATRICIA O. COTTER
/S/ JAMES C. NELSON
/S/ JOHN WARNER