FILED

01/23/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0530

DA 21-0530

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2024 MT 12N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

DAVID ABRAHAM LORENZ,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Seventh Judicial District,
In and For the County of Richland, Cause No. DC-03-12
Honorable Katherine M. Bidegaray, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Chad Wright, Appellate Defender, Gregory Hood, Assistant Appellate
Defender, Helena, Montana

      For Appellee:

          Austin Knudsen, Montana Attorney General, Michael P. Dougherty,
Assistant Attorney General, Helena, Montana

          Charity McLarty, Richland County Attorney, Sidney, Montana

Submitted on Briefs:  December 13, 2023

Decided:  January 23, 2024

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 David Abraham Lorenz (Lorenz) appeals a September 3, 2021 Order from the Seventh Judicial District Court, Richland County, revoking his suspended sentences for the operation of an unlawful clandestine laboratory and criminal possession of precursors to dangerous drugs. Lorenz contends the District Court did not make an adequate initial inquiry into the nature of his purported complaint about counsel to determine if the complaint was seemingly substantial. We affirm.

¶3 In 2003, Lorenz pled guilty to three criminal offenses in connection with operating a drug lab and possessing illegal drugs. On one count, the District Court committed him to the Montana Department of Corrections for ten years with five years suspended. For the other two counts, the District Court deferred the imposition of sentence for three years. In 2005, Lorenz had both his suspended sentence and his deferred sentences revoked after violating various sentence conditions, and he was resentenced. In 2014, the 2005 sentences were revoked, and Lorenz received revised suspended sentences for all three counts. In

2

2020, in the current proceeding, the State again sought to revoke his suspended sentences on two counts.[1]

¶4 Lorenz initially represented himself during this proceeding. However, he requested appointment of counsel in July 2021, and Michael Haase of the Office of the Public Defender filed a notice of appearance on behalf of Lorenz on July 23, 2021. On August 16, 2021, the District Court held an adjudicatory hearing, wherein Lorenz was represented by Haase, and found by a preponderance of the evidence that Lorenz had violated the conditions of his suspended sentences. After the hearing and prior to the dispositional hearing set for August 30, 2021, Haase filed a motion to withdraw as Lorenz's attorney. Haase's motion conveyed that Lorenz wanted to represent himself, explaining that Lorenz "explicitly told attorney that he did not want attorney to represent him and that attorney has failed to adequately represent him on the above-referenced matter up to this point." It further stated that "communication has broken down between attorney and Defendant where it is impossible for either to work together to afford the Defendant proper representation in this matter."

¶5 Lorenz and Haase both appeared at the August 30, 2021 dispositional hearing. At that hearing, the following discussion occurred:

> The Court: In the meantime, Mr. Haase has filed a motion to withdraw. Mr. Lorenz, have you seen that?
>
> Lorenz: Yes, ma'am.
>
> The Court: Do you contest it or do you consent to it?

---

[1] Lorenz's suspended sentence on the third count had been successfully discharged.

Lorenz: I consent to it.

The Court: Okay. Mr. Haase, you're free to go. Let's proceed to dispositional hearing. Does the State have any witnesses?

Lorenz: If I proceed without a lawyer then I don't consent to it.

The Court: Well, you don't get to pick your lawyer is the thing. Do you have one hired?

Lorenz: No. We had a conflict.

The Court: Yeah, well, I don't think that the State established. You have the right to proceed without a lawyer.

Lorenz: No, I want an attorney.

The Court: Okay. You don't get to pick your attorney.

Lorenz: Okay. Well, I never fired him.

The Court: Okay. Mr. Haase are you prepared to proceed?

Haase: I can proceed, Your Honor, yes.

The Court: Okay. [Prosecutor], call your first witness.

¶6 The proceedings thereafter continued with Haase representing Lorenz. After Lorenz testified and the State introduced its witness testimony, the District Court issued an Order on September 3, 2021, revoking Lorenz's revised suspended sentences from 2014. Lorenz was resentenced and received five-year commitments to the Department of Corrections on both the unlawful clandestine laboratory charge and the possession of precursors to dangerous drugs charge, which were ordered to run consecutively. Lorenz appeals, challenging the District Court's inquiry regarding his counsel's motion to withdraw.

4

¶7    "Both the procedures used by the district court during the initial consideration of a defendant's complaints regarding counsel and the district court's analysis of whether those claims are seemingly substantial, necessitating further inquiry, are reviewed for abuse of discretion." *State v. Dillingham*, 2020 MT 310, ¶ 14, 402 Mont. 239, 477 P.3d 328 (citing *State v. Schowengerdt*, 2018 MT 7, ¶ 16, 390 Mont. 123, 409 P.3d 38).

¶8    "Criminal defendants have a constitutionally guaranteed right to the effective assistance of counsel." *Dillingham*, ¶ 17. "When faced with a request to substitute counsel, the district court must first perform an adequate initial inquiry to determine whether the defendant's complaints are seemingly substantial." *State v. Dewise*, 2022 MT 145, ¶ 26, 409 Mont. 284, 513 P.3d 1249. "If the court finds 'seemingly substantial' concerns regarding the effectiveness of counsel, the court must go on to hold a hearing on the matter and determine whether substitute counsel is necessary." *Dillingham*, ¶ 17 (citing *State v. Johnson*, 2019 MT 34, ¶¶ 21-22, 394 Mont. 245, 435 P.3d 64). "The threshold question, then, is whether [the defendant] put the District Court on notice that the effectiveness of [the defendant's] counsel was at issue." *Dillingham*, ¶ 18.

¶9    Lorenz argues Haase's motion to withdraw from the case effectively conveyed Lorenz's desire to substitute counsel, and that the District Court did not conduct an adequate initial inquiry into whether his purported complaint about counsel was seemingly substantial. He contends the District Court was put on notice when Haase's motion explained that communication between Haase and Lorenz had broken down. While communication issues between Lorenz and Haase were referenced, Haase's motion to

5

withdraw—with which Lorenz consented in response to a question by the District Court—specifically stated that Lorenz wanted to proceed pro se, which Lorenz had likewise done earlier in the proceeding. Moreover, when further questioned by the District Court, Lorenz did not express that he wanted counsel substituted, but rather that his current position was that he did not want to proceed without counsel ("If I proceed without a lawyer then I don't consent to [the motion to withdraw]."). Lorenz did not directly raise or convey any complaints about Haase to the District Court. When the District Court explained that Lorenz did not get to choose what counsel would be appointed, Lorenz responded that he "did not fire" Haase, and voluntarily proceeded with the hearing while represented by Haase.

¶10    "[I]f a defendant does not request substitute counsel, the defendant fails to implicate the seemingly substantial analysis and the need for a subsequent hearing on his complaints about his lawyer." *State v. Clary*, 2012 MT 26, ¶ 28, 364 Mont. 53, 270 P.3d 88 (internal citation omitted). Thus, "[a]bsent a claim of ineffective assistance of counsel, coupled with a request for another attorney, the district court [is] not required to conduct further inquiry into the matter." *Clary*, ¶ 28.

¶11    No governing principle suggests that a district court is obligated to treat an attorney's motion to withdraw as a defendant's complaint about the attorney's effectiveness and a request to substitute counsel. *See, e.g., State v. Frazier*, 2001 MT 210, ¶ 31, 306 Mont. 358, 34 P.3d 96. In *Frazier*, the defendant told the district court in a hearing that he had experienced difficulty communicating with his attorney and that he felt

pressured to represent himself pro se. *Frazier*, ¶¶ 26-27. However, the defendant never "request[ed] a continuance at either the answer or disposition hearings to allow additional time for consultation. Nor did he ask the court to appoint substitute counsel." *Frazier*, ¶ 31. We thus held that the district court's lack of initial inquiry was not in error because there was "no instance in the record where Frazier *directly alleged* ineffective assistance of counsel or expressed dissatisfaction with the attorney-client relationship . . . ." *Frazier*, ¶ 31 (emphasis added).

¶12     As in *Frazier*, Lorenz never directly complained to the District Court that Haase's services were deficient, nor requested substitution of counsel. Instead, the issue toggled between Lorenz wanting to represent himself and wanting counsel to represent him. Lorenz referenced "a conflict," but did so in response to the District Court's question about his hiring of private counsel. Moments after that exchange, Lorenz re-affirmed his desire to be represented by Haase, and proceeded with Haase for the remainder of the dispositional hearing. An initial inquiry is not implicated "[i]f a defendant does not request substitute counsel." *Clary*, ¶ 28. We cannot conclude the District Court abused its discretion in its response to a motion that indicated Lorenz wanted to represent himself after Lorenz affirmed the motion in open court.

¶13     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the legal issues in this case are controlled by settled Montana law, which the District Court correctly interpreted, and the District Court did not otherwise abuse its discretion.

¶14 Affirmed.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ INGRID GUSTAFSON